Per Curiam.

By the English authorities, hearsay evidence is admissible to prove pedigree, but not the place of a child’s *184 birth.[1] The reason of the distinction probably is, that where a person is treated as a child for many years, there is rather a course of conduct than a simple declaration showing the relationship ; whereas the question of birthplace presents a distinct fact. This reason, however, is not altogether satisfactory. But the rule of evidence appears to be established, and it has been sanctioned by this Court in a case in which the declaration of an alien as to the place of his birth was rejected.* * It is better to uphold the rules of evidence, than to admit testimony of a doubtful character.
We are however strongly inclined to the opinion, that the burden of proof was mistaken at the trial. It was incumbent on the plaintiffs to show first, that the father had not a settlement within the commonwealth ; for though this is a negative in appearance, yet it is proved by showing where he did belong. Otherwise the plaintiffs would always rest their case upon proving that the mother had a settlement in the defendant town.
New trial granted.

 See Shearer v. Clay, 1 Littell, (Ken.) 266; Independence v. Pompton, 4 Halsted, 209; Braintree v. Hingham, 1 Pick. (2d ed.) 247, n. 3; Roscoe’e Dig. Crim. Ev. (Amer. ed.) 22, n. (1); 2 Stark. Ev. (5th Amer. ed.) 611 Jackson v. Etz, 5 Cowen, 320.

 See Braintree v. Hingham, 1 Pick 247.